UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER MILTON WAYNE BOSARGE,<br><br>                    Plaintiff,<br>    v.<br><br>CLYDE BROWN,<br><br>                    Defendants. | Case No. 3:21-cv-05210-BHS-TLF<br><br>ORDER TRANSFERRING CASE |

**VACATED PER ORDER DKT #6**

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge Theresa L. Fricke. Plaintiff Christopher Milton Wayne Bosarge, proceeding *pro se*, initiated this lawsuit on March 22, 2021. *See* Dkt. 1. The Court has reviewed Plaintiff's Proposed Complaint and finds the proper venue for this case is the Eastern District of Washington. Therefore, the Court orders this case be transferred to the Eastern District of Washington.

I.    **Background**

In the Proposed Complaint, Plaintiff, who is currently housed at Olympic Corrections Center in Forks, Washington, alleges his Eighth and Fourteenth Amendment rights were violated while he was housed at the Washington State Penitentiary ("WSP") in Walla Walla, Washington. *See* Dkt. 1-1.

ORDER TRANSFERRING CASE - 1

1  The Court has not granted Plaintiff *in forma pauperis* ("IFP") status, nor has the Court ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

II.  **Discussion**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, Plaintiff's Proposed Complaint contains claims that arise from allegations of acts and omissions that occurred at WSP. Dkt. 1-1. WSP is located in Walla Walla County, Washington, which is in the Eastern District of Washington. *See* 28 U.S.C. § 128(a). Further, it appears the only properly named Defendant, Clyde Brown, resides in the Eastern District of Washington. *See* Dkt. 1-1.[1] Therefore, the Court concludes venue

---

[1] The Proposed Complaint also names "Department of Corrections State of Washington 'Headquarters'" as a defendant, but a subdivision of a state is not a "person" for purpose of Section 1983 and therefore cannot be sued in such an action. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment)

ORDER TRANSFERRING CASE - 2

(VACATED PER ORDER DKT #6)

should be in the Eastern District of Washington, and venue in the Western District of Washington would be improper.

Because venue is improper, the Court has the discretion to dismiss or transfer the case. *See* 28 U.S.C. § 1406(a). Plaintiff is a *pro se* prisoner. *See* Dkt. 1-1. Dismissing the case and directing Plaintiff to refile in the Eastern District of Washington would cause unnecessary delay. Therefore, the Court finds transferring, rather than dismissing, this case is appropriate.

III.   **Conclusion**

The Court finds venue is improper and the interests of justice require this case be transferred to the proper venue. Accordingly, the Court orders this case be transferred to the Eastern District of Washington in Richland and the case be closed.[2]

In light of the transfer, the Court defers to the Eastern District of Washington with respect to Plaintiff's Application to Proceed IFP (Dkt. 1).

Dated this 26th day of March, 2021.

Theresa L. Fricke
United States Magistrate Judge

VACATED PER ORDER DKT #6

---

[2] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (2013).

ORDER TRANSFERRING CASE - 3