UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER MILTON WAYNE BOSARGE,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CLYDE BROWN, DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　Defendants. | Case No. C21-5210 BHS-TLF<br><br>ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT |

This matter is before the Court on plaintiff's filing of a civil rights complaint under 42 U.S.C. Section 1983. Dkt. 9. Plaintiff Christopher Milton Wayne Bosarge has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Dkt. 8. Considering deficiencies in the complaint discussed below, the Court will not direct service of the complaint at this time. On or before April 7, 2022, plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

BACKGROUND

Plaintiff is incarcerated at the Olympic Corrections Center. He seeks $1,500,000 in damages for his pain and suffering from the Department of Corrections ("DOC") and a corrections officer, Clyde Brown. Dkt. 9 at 9. Plaintiff alleges that on April 4, 2019, Mr. Brown called Plaintiff a "sex offender" while Plaintiff was waiting in the lunch mainline.

*Id.* at 4-5. This caused Plaintiff to be placed in "immediate harm and cause for violent attack by other inmates." *Id.* at 5. Plaintiff claims that he filed a grievance, but it was not "taken seriously." *Id.* at 6. As a result of Mr. Brown's comment and DOC's failure to act on the grievance, Plaintiff alleges his Eighth Amendment and Fourteenth Amendment rights were violated. *Id.*

## DISCUSSION

The Court declines to serve the complaint because it contains deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

### A. Improper Defendant – DOC

The complaint brings claims against the Washington State Department of Corrections, which is an improper defendant in a Section 1983 action. Neither states, nor that are arms of the state, such as the DOC, are "persons" for purposes of Section 1983. *Howlett v. Rose*, 496 U.S. 356, 365–66 (1990); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). Accordingly, Plaintiff may not bring claims under Section 1983 against DOC.

### B. Equal Protection

Plaintiff alleges that Mr. Brown's actions caused him to be "singled out" and "face discrimination" amounting to a violation of the Equal Protection Clause. Dkt. 9 at 5.

"To state a claim under § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with intent to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001) (quoting *Barren v. Harrington*,

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 3

152 F.3d 1193, 1194 (9th Cir.1998)). It is unclear from Plaintiff's complaint how Mr. Brown's comment implicated plaintiff's identification as a member of a protected class.

Alternatively, when an action does not implicate a protected class such a race or religion, a plaintiff may establish a "class of one" equal protection claim by alleging that he has been intentionally treated differently from others similarly situated without any rational basis for the difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007).  To "'be considered similarly situated, the class of one challenger and his comparators must be prima facie identical in all relevant respects or directly comparable in all material respects.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (quoting *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

If plaintiff intends to pursue an equal protection claim, he should include all of his factual allegations against specifically named defendants in one section of his amended complaint.

**C. Eighth Amendment**

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id*. Usually, a more offensive condition will be of constitutional significance when it exists for even a short

time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time.

Establishing a violation of the Eighth Amendment requires a two-part showing. First, an inmate must objectively show that he was deprived of something "sufficiently serious." *Farmer*, 511 U.S. at 834. A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. *Id*. (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

In this case, Plaintiff does not allege a serous harm or an offensive condition. Nor does he allege that he was deprived of something sufficiently serious. Plaintiff allegation against Mr. Brown amounts to an inappropriate comment. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Rutledge v. Arizona Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 5

Further, to the extent Plaintiff alleges that Mr. Brown acted negligently, neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer*, 511 U.S. at 835–36 & n. 4.

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for violation of the Eighth Amendment.

### D. Due Process

Plaintiff appears to be alleging that the DOC violated his right to due process by not disciplining Mr. Brown for violating DOC policy after plaintiff filed a grievance. Dkt. 9 at 6. Plaintiff cannot state a cognizable claim under Section 1983 for failure to process grievances because prisoners have no stand-alone due process rights related to the administrative grievance process. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Wright v. Shapirshteyn, 2009 WL 361951,* at *3 (E.D. Cal. Feb. 12, 2009) ("[W]here a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative **grievances**, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983."). As there is no right to any particular grievance process, it is impossible for Plaintiff's due process rights to have been violated by ignoring his grievances or failing to properly process them.

### E. Failure to Follow Department Policy

Plaintiff alleges throughout his complaint that Mr. Brown violated DOC Policy 350.030 when Mr. Brown called Plaintiff a "sex offender." Dkt. 9 at 5. It is unclear whether plaintiff is bringing a separate claim against Mr. Brown for this alleged violation. To the extent plaintiff attempts to claim a violation of right when he contends Mr. Brown

ORDER TO SHOW CAUSE OR AMEND THE COMPLAINT - 6

violated department policy, this claim is not cognizable. This is because alleged violations of prison policy – without more -- do not state a claim for any violation of federal constitutional rights, or federal statutory rights, and therefore are not actionable allegations under Section 1983. *See generally* 28 U.S.C. § 1983; *see Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

### F.  Appointment of Counsel

Plaintiff filed a motion for the appointment of counsel. Dkt. 10. No constitutional right exists to appointed counsel in a Section 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff did not provide any explanation in his motion to demonstrate why an exceptional circumstance exists in his case. Plaintiff has successfully filed his complaint

and has demonstrated an adequate ability to articulate factual and legal basis of his claims, even though, as discussed above, the complaint in its current form is deficient

At this point it is premature to assess the likelihood of success on the merits or whether the issues in this case are necessarily complex. In sum, Plaintiff has failed in his burden to demonstrate an inability to present his claims to this Court without counsel at this time. Plaintiff's request for the appointment of counsel is therefore **DENIED.** However, the denial is without prejudice and another request may be brought if circumstances change as this litigation progresses.

CONCLUSION

Plaintiff's motion for appointment of counsel is DENIED without prejudice. Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed – or, plaintiff may file an amended complaint to cure, if possible, the deficiencies noted herein. The deadline for filing a response stating why his complaint should not be dismissed, or for filing an amended complaint -- is **on or before April 7, 2022**.

If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 8

recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff should be aware that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

       The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

       Dated this 10th day of March, 2022.

*(signature)*

Theresa L. Fricke
United States Magistrate Judge